Good morning and may it please the court. My name is Andrew Kennedy and along with Co-Counsel Federal Public Defender Mike Fulevich, I represent Defendant Appellant Hardeep Singh in this matter. I'd like to reserve two minutes for rebuttal. There are three issues that seriously affected the sentencing hearing that Mr. Singh received and for that reason I believe that this case, the sentence needs to be set aside and Mr. Singh and then the case be remanded for a new sentencing hearing. And I'd like to particularly discuss two of them and I'll begin with the issue that this court inquired about which is whether the court needed to make a more explicit finding about whether the third transaction of drugs was foreseeable to Mr. Singh. And for that matter I think the true question is really whether the court needed to make a factual finding at all because what the court did here is what he said simply that they were in lockstep. Which was essentially the same thing that the PSR and government had said which was treating it as though because this case was a conspiracy all the drugs were attributable to Mr. Singh. And the fact is that he didn't comply with the rule that said that he needed to make an explicit factual finding and he didn't analyze the facts. The fact is that this all took place over four years after the trial. These facts were not fresh in anyone's memory and what everyone was doing in this case was taking the fact that this was a conspiracy and applying all of the drugs to Mr. Singh. The fact is that if you look at what actually happened there's not a whole lot indicating that this was foreseeable to Mr. Singh. This transaction involved a different recipient, it involved a different mode of delivery, there was the same confidential informant but he was never asked any questions connecting Mr. Singh to this transaction. So there's simply nothing on the record indicating that it was foreseeable and there's simply no way to say that well they were just in lockstep and so it is foreseeable. And comparing it to the two cases that this court cited, in those two cases what the court did was simply remanded for a ministerial correction to have the court say we actually did make this finding and I'm appending it to the record. I don't think that's possible here because he didn't really make that finding. Well let's look at what he said and there was a discussion at sentencing with respect to paragraph 16 of the PSR and along with other objections the court made comments at ER 9 and 10. And the court specifically found that given his view of the trial and this was a case where the defendant didn't plead guilty but there was a trial so the judge sat through the trial, heard all the evidence and he commented on the fact that given the lockstep efforts of the defendant, given the defendant's involvement with the entire transactions over a period of time, he was overruling the objection and he was finding that the total drug quantity was appropriate. The total drug quantity as corrected in paragraph 16 by counsel I think all agree, 34,300. Why isn't that enough? What more did he need to say? Did he need to actually say 34,300 kilograms? No I think he needed, first of all I think that we need to keep in mind that although counsel, the judge did sit through a trial, he sat through a trial four years previously so it wasn't as though this was entirely fresh in his memory. And the other thing is he needed to say something about how this was foreseeable. He essentially, he didn't use the same words as the PSR or the government did but he essentially said this is a conspiracy, I'm attributing everything to him. He used the word lockstep which these two people were not acting in lockstep. So do you think that Kainth knew about all three transactions for which these drugs were? Yes, Kainth was present for all three transactions. Right, so it was foreseeable as to Kainth, all three. Absolutely. So I'm just trying to figure out whether, I agree with you that the judge under this court's rules needed to make a finding about foreseeability but I'm trying to figure out whether if the two are in lockstep and all three transactions are foreseeable to Kainth that means anything that's foreseeable to Kainth is going to be foreseeable to Singh. Well but I think that lockstep is simply shorthand for agreeing with that theory which is not in conformity with the sentencing guidelines that if it's a conspiracy everything is foreseeable. Because lockstep means acting in unison and if you look at what happened here these two weren't acting in unison. Kainth got charged with three counts of actual distribution. Mr. Singh didn't get charged with three counts of distribution, he only got charged with conspiracy because he wasn't there for any of the transactions. They weren't acting in unison and frankly I don't see any definition of lockstep that really shows that these two were acting in lockstep. Well what about the comment that they were in the permanent business of transporting and trafficking in pills. If you're in business with somebody and there's an acknowledgment that there would be future deliveries anticipated does the fact that you're not there present at the future delivery which occurred fairly short time after the conversation does not support the district court's finding that they were acting in lockstep? Well I think there's two responses to that. First I think that you have to look at this as he's trying to persuade this guy to join the conspiracy. I think there's some puffery going on there saying this is our permanent business and we're going to make a lot of money. But then regardless of whether you say we do it a lot or we don't do it a lot there still needs to be something showing this particular transaction was foreseeable to him. And there was nothing connecting this transaction to him. It was to a different set of recipients, it was through a different mechanism. I just don't see how it's foreseeable. Well that's an argument though right? But once the court makes the factual finding it's reviewable for clear error. And so sure you can argue to the jury for example that this was mere puffery that he really was not a member of the conspiracy. But once the court says hey you acted in lockstep with this other individual it's a very deferential standard review at that point. But like I said I don't think he really made a factual finding. I think he essentially said this is a conspiracy we're applying it all to him. I would not call that a factual finding. Because our court has required two separate findings right? One is you need to be part of the conspiracy for the conviction. The separate issue is for the sentencing purpose do you have the foreseeability finding. Exactly. What do I do with the judge's comments where he also says he doesn't just talk about lockstep. He says it appears that both of the defendants were in lockstep in major activities throughout the course of the conduct. He goes on these individuals were working on an operation that involved multiple deliveries and anticipated multiple deliveries. Doesn't that suffice? I still think that's just shorthand for saying he's part of a big conspiracy. Isn't it shorthand for saying it's foreseeable? I don't believe so. He's saying it's part of a conspiracy and because it's a conspiracy I'm going to say it's foreseeable. I see that I'm getting low on time so I want to quickly move on to the substitution of counsel issue. Because I think that's a serious issue here in that there are three tests. There are three prongs to the test for whether substitution of counsel is improperly denied. And I think that they all weigh heavily in Mr. Singh's favor. There was a clear conflict between Mr. Singh and his counsel. And the court simply didn't inquire. It asked open-ended questions to this individual who is a non-native English speaker, who had a standby interpreter at the time of trial but no interpreter at the time of sentencing, was not a high school graduate, and was not capable of answering those questions the way that the court seemed to expect an educated attorney to answer such questions. He could have asked many questions that really probed into the nature of the conflict. And if you look at this court's jurisprudence, it says that you can't just ask those open-ended questions. The court needs to satisfy itself that the conflict is not as severe as suggested, that you don't have an irreconcilable conflict. And the court did nothing to satisfy itself. But what had Singh said that suggested there really was an irreconcilable conflict? Well, I think the most glaring to me is that he said that he didn't even know the nature of the charges against him. If he didn't know the nature of the charges against him, I find it very hard to believe that he's communicating with his attorney. He says he never received the discovery. Those are very easy issues for the judge to follow up on and say, wait, you don't know the nature of the charges against you? Are you two talking? When have you talked? He didn't ask those questions. He asked open-ended questions. I see that I'm eating into my rebuttal time, so unless the court has any follow-up questions, I will sit down and let the government speak. All right. Thank you. Good morning, Your Honors, and may it please the Court. Teal Miller on behalf of the United States. The district court did make the requisite finding regarding foreseeability in this case. Do you agree that there needs to be a separate finding about foreseeability in addition to the holding of conspiracy? I agree that there needs to be a finding. I don't believe that the court needs to utter the words foreseeable. I think the court is presumed to know the law. He recognized that the parties had put foreseeability in dispute. At page 135 of the record, the defendant said it wasn't foreseeable. At page 147 of the record, the government said it was foreseeable. That's the dispute the court was resolving when it said that given the lockstep efforts of the defendants in this case, and this is the finding, the court is satisfied that the total drug quantity should have been applied. And Judge Suhari, as you indicated on page 8, the previous page, the court defined what it meant by lockstep efforts. It said there was a mutual undertaking, both of these individuals, for the overall objective of the conspiracy, and then it defined the overall objective of the conspiracy as working on an operation that involved multiple deliveries and anticipated multiple deliveries. Here we have three deliveries in a one-week period. The day before the deliveries began, this defendant was involved in negotiating the confidential informant's courier fee. A couple days after the first delivery, the May 2nd delivery, this defendant paid the confidential informant, and then he said the next delivery will happen in a couple of days and mutually agreed with the confidential informant that it would happen on May 8th. So in Gutierrez-Hernandez, our court said that the record indicated that the district court sentenced the defendant to the total amount of drugs involved in the conspiracy without making an express factual finding as to the amount of drugs he reasonably foresaw. How does that not mean we need an express factual finding about foreseeability? Well, as I said, you do need an express factual finding, but this is one. He doesn't have to say the words reasonable foreseeability, and we know that because of this court's decision in Gadsden, which says that the district court can fulfill the requirement to make an express factual finding by adopting the PSR. But then the foreseeability finding is in the PSR. As I read Gadsden, I think they're saying that the PSR talked about foreseeability more explicitly, but this PSR doesn't. This PSR just talks about it being a conspiracy. It doesn't just talk about it being a conspiracy, and I'll note before I go over the PSR that the district court in this case did adopt the PSR, so it gets to the express factual finding under Gadsden. That's definitely right, but I don't think the PSR has an express factual finding about foreseeability or even discusses foreseeability. Well, it also doesn't use the words foreseeability, but again, I don't think anything in this court's sentencing jurisprudence requires that the district court utter a particular phrase when it's clear that the court explicitly considered the issue of foreseeability. And as I noted, the parties put that question in contest in their sentencing memorandum, and the court recognized that contest. But how do we know that the judge didn't think that – so if the judge thought that he was implicitly making a ruling about foreseeability, then maybe we're fine, but couldn't the judge have made a legal error here and thought that just having it be part of conspiracy was enough? There's nothing here that shows me whether the judge made an error or didn't make an error. The judge actually went through – if you look at the relevant conduct guideline, it says what a court should do is first define the relevant conduct, which is what the court did. It said multiple deliveries, anticipated multiple deliveries. I think it's possible – it would have been possible for the court actually to call all of this relevant conduct because of the defendant's involvement in it. On May 5th, he said there will be deliveries on May 8th. The only delivery that is in question at this point is one of the two deliveries on May 8th. So the district court defined the conduct and said you're responsible for all of it. And so I don't think there's any question about the district court's finding. The district court said here's the contest. At that point, the defendant was contesting his involvement in both of the transactions on May 8th, not just one of them. And the court said I reject your objection, I overrule your objection, and I find that it's attributable to you. I find that it's reasonably foreseeable to you. What about the motion for new counsel? Your Honor, under this court's decision in Reyes-Bosque, district court doesn't have a duty to conduct the sort of searching, specific inquiry that the defendant says it should have done unless there's some evidence of signs of antagonism – this is the language of Reyes-Bosque – or a serious breakdown in the attorney-client relationship. Here, there was no such evidence. The district court asked counsel, can you explain why you're before me? And counsel said, I don't have a problem working with him. Counsel's an officer of the court. If he felt there was a conflict or some sort of a disagreement, he would have had a duty to say so. So the district court had that information. Then he turned to the defendant and he said, tell me what's going on. And the defendant basically said, I feel like we're not being very efficient. That simply doesn't rise to the level of a serious conflict that this court said in Reyes-Bosque. It has to be present before the court has a duty to ask specific questions. I'll also note that the court in this case did ask a specific question. He said, has he met with you? The defendant didn't answer that question, but the district court did ask it. If the court has no further questions. On incorporating the PSR, so the defendant had objected that these quantities weren't foreseeable. And what the PSR, as I take it on page 10 of the PSR in responding to the objections, what the PSR says in response to the foreseeability objections is he was convicted of a conspiracy that included these amount of drugs. If the district court had said that in response to the objections, would that have been an error? That would not have been enough, but that's not all the PSR says. If you look at page 3 of the PSR, it says, it talks about the larger conspiracy here, and it says they were moving drugs from Canada into the United States. This is the very bottom of PSR 3. The drugs were distributed to middlemen, who in turn delivered the drugs to other couriers and low-level drug dealers. Then at paragraph 8, which is on the next page, Hardeep Singh, the defendant, and Kashil Kainth were middlemen, as described above. They received very large quantities of drugs from Canada. Both Singh and Kainth provided instruction and payment to the CIA in this case, who acted as a courier. Then it goes on to identify all three transactions. That's evidence. It isn't a situation where the transactions were really far apart, or it's a huge conspiracy where you've got couriers all over the place, multiple middlemen in multiple cities. We see a lot of very complex conspiracies where the court has to lay out the analysis as to how these individuals are connected, such that they would be held responsible for the drugs that are seized from various locations. You've got a pretty straightforward, small conspiracy occurring over a matter of just a couple of weeks. One week. The May 2nd transaction and then two transactions on May 8th are the three transactions for which he's being held responsible. Again, he doesn't contest. But does that context matter? Should we look at that in determining whether the court's findings were explicit enough? That context matters, as does, as this court referenced, the defendant's own statement that this was his permanent business. I want to say, to the extent, there are two separate questions here. There's the question about whether there was a finding, and then there's a question about whether the finding was clearly erroneous. If there was a finding, it couldn't have been clearly erroneous. It's just a question of whether there was a finding, at least in my view. I think that's important in this context because Nunez-Carrion, which is one of the two cases this court referred counsel to in preparation for the argument, treats the lack of a finding as a harmlessness, to harmlessness review, and says if the court couldn't have made any other finding, then the lack of an express finding is harmless. And I think if this court were to conclude that there were no express finding here, and for the reasons I've given, I don't think that conclusion would be correct. But if you were to conclude that, then I think that you would have to say, was there any prejudice to the defendant? And in light of the overwhelming evidence of the foreseeability of the first transaction on May 8th, I think it would have been harmless. All right, thank you. If there are no further questions, we ask the judgment be affirmed. Thank you. Did counsel convince you? No. Again, I think that what we need to look at here is the fact that everyone was talking about this as though the rules for conspiracy and the rules for foreseeability are one and the same, which they're not. If you look at what the PSR said in response to the defendant's objections, it says this paragraph is not modified as the defendant was convicted of a conspiracy, which includes the transactions discussed in this paragraph. The judge took the PSR and adopted it and used a different term, and that is not what is appropriate. How do you deal with this harmlessness argument? Because I don't think that it's clearly harmless. Because if you look at it, there are substantial differences. The two transactions that Mr. Singh was connected to were very similar in nature. The C.I. spoke with Mr. Singh. He took the drugs, transported them to California, called Mr. Singh from California, and this third transaction involved a completely different wing of the conspiracy, this Vietnamese wing of the conspiracy that hasn't otherwise been connected to Mr. Singh. I think it's an entirely reasonable inference that Mr. Kainth was freelancing, for lack of a better term, not doing what he and Mr. Singh had talked about doing. Was Mr. Singh's sentence lower than it would have been even if he hadn't been given the third transaction in terms of quantity? I'm not sure I understand your question. So if you don't count the third transaction's drug quantity, the one that you're contesting, and use the other two to calculate the sentencing guidelines, wasn't his sentence lower anyway than that would have been? His sentence still was substantially lower than what the guidelines would have been if you had only included those two transactions. But I don't think that this court can take that as a proxy and say that's fine because the judge needs to start by properly calculating the sentencing guidelines. And if he did not make that finding, he did not make the factual finding, and the transaction was not foreseeable to him, I don't believe that the sentence being low enough still carries the day. Remind me, he was at level 38? I believe so, yes. And then without the transaction that's in dispute on May 8, what level would he be at? I believe it would have been 36. And what would the corresponding range be? It would have been, I don't have the exact number handy, but it would have been in the low 200s, I think, or a high 180, 190, something like that. Again, I ask this court to remand for new sentencing. Thank you very much, both sides, for your argument.
judges: Zouhary, Nguyen, Friedland